UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MELVIN SMITH, pro se,               )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )   Civil Action No. 18-1114 (PLF)
                                    )
UNITED STATES DEPARTMENT OF         )
AGRICULTURE, et al.,                )
                                    )
         Defendants.                )
_____)

MEMORANDUM OPINION AND ORDER

On January 28, 2019, defendant Epiq Systems, Inc. ("Epiq") moved this Court to order plaintiff Mr. Melvin Smith to provide a more definite statement of his claims under Rule 12(e) of the Federal Rules of Civil Procedure. See Epiq Systems' Motion for a More Definite Statement ("Mot.") [Dkt. No. 12]. In its motion, Epiq argues that the Court should dismiss Mr. Smith's case without prejudice pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure because service of process was insufficient. See id. at 4 n.1.

Mr. Smith, proceeding pro se, has filed his complaint against the U.S. Department of Agriculture ("USDA") and Epiq Systems, Inc. See Complaint ("Compl.") at 1 [Dkt. No. 1].[1] In the In re Black Farmers Discrimination Litigation case, a class of plaintiffs brought suit against the USDA for racially discriminating against African-Americans in the allocation of federal agricultural programs. The Court approved a settlement agreement between the plaintiff

---

[1] The scope of this Order is limited to review of the sufficiency of the service of process on Epiq pursuant to its motion. The Court does not consider any deficiencies of service of process on the USDA here.

class and the USDA, and designated Epiq as the Claims Administrator, tasked with facilitating the settlement agreement.  See Mot. at 2-3.  Mr. Smith now asks the Court to order the USDA to allow Epiq to accept and review the merits of his mother's estate's application for relief through the settlement process.  See Compl. at 4.

Epiq Systems, Inc. is a corporation.  See Mot. at 4.  Accordingly, it must be served consistent with Rule 4(h) of the Federal Rules of Civil Procedure, which details the proper procedure for serving a corporation, partnership or association.  See FED. R. CIV. P. 4(h).  Rule 4(m) provides that a defendant must be served within 90 days after the complaint is filed.  See FED. R. CIV. P. 4(m).  If the plaintiff does not comply with that time limit, the court must dismiss the action without prejudice or order that service be made within a specified time.  See id.  In addition, a summons must contain the name of the parties and be directed at the defendant.  See FED. R. CIV. P. 4(a)(1)(A), (B).

Rule 12(b)(4) provides that a party may present a defense of "insufficient process" by motion, as Epiq has done here.  See FED. R. CIV. P. 12(b)(4).  According to Epiq Systems, the "summons served by the Marshal . . . did not refer to Epiq" and thus "[n]o valid Summons for Epiq has been served."  See Mot. at 4.  The Court agrees that the summons was not properly served on Epiq Systems.  A summons addressed to Epiq Systems, Inc. and signed by the Clerk of Court appears on the docket.  See Summons [Dkt. No. 7] at 2.  A process receipt and return has also been filed, indicating that Todd Purdy, the Director of Epiq Systems, was served by a U.S. Marshal on January 7, 2019.  See Epiq Systems, Inc. Process Receipt and Return [Dkt. No. 10].  The summons with which Epiq was served, however – appended as Exhibit A to the instant motion – is addressed to the U.S. Attorney General.  See Mot. Ex. A.

The D.C. Circuit has recognized that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." See Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993); see also Raja v. Fed. Deposit Ins. Corp., No. 16-cv-0511 (KBJ), 2018 WL 818393, at *5 (D.D.C. Feb. 12, 2018). That latitude, however, "does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure." See Moore v. Agency for Int'l Dev., 994 F.2d at 876 (quoting Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987)).

Valid service of process serves two purposes: to assert personal jurisdiction over a defendant and to notify the defendant that a party has commenced legal action against it. See Williams v. GEICO Corp., 792 F. Supp. 2d 58, 65 (D.D.C. 2011); see also Toms v. Hantman, 530 F. Supp. 2d 188, 190 (D.D.C. 2008) ("Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant."). Proper service of process therefore "is not some mindless technicality." See Williams v. GEICO Corp., 792 F. Supp. 2d at 65 (quoting Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991)). Here, the summons with which Epiq was served was not addressed to the correct defendant, constituting invalid service. See FED. R. CIV. P. 4(a)(1)(A), (B). Before it will or can address the merits of Epiq's motion, the Court must ensure service is properly executed.

Mr. Smith's complaint was originally filed on May 30, 2018, so the time limit for serving the defendants has passed. See FED. R. CIV. P. 4(m). But because it appears that Mr. Smith has made a good faith effort to comply with Rule 4 to serve all necessary parties, the Court is inclined to grant him leniency. Given that Epiq Systems was not served correctly due to an error by the U.S. Marshals Service – and not an error of his own making – it is hereby

3

ORDERED that Epiq Systems, Inc.'s motion for a more definite statement [Dkt. No. 12] is DENIED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that the Clerk of Court shall reissue the summons addressed to Epiq Systems, Inc. to effect valid service on Epiq Systems.

SO ORDERED.

DATE: March 13, 2019

_____
PAUL L. FRIEDMAN
United States District Judge